UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS, | No. C-14-03838 DMR |
| Plaintiff(s), | **SECOND ORDER TO SUBMIT NON-PRISONER IFP APPLICATION** |
| v. | |
| CHARLES EDWARD BROOKS, | |
| Defendant(s). | |

On August 25, 2014, *pro se* Plaintiff Charles A. Brooks filed a complaint against Charles Edward Brooks, along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] However, he submitted a Prisoner's IFP application, even though it appears that he is not presently incarcerated. (*See* IFP Application § IA (Place of Present Confinement: "N/A").)

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. *See* 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. *See id.* However, if a prisoner who seeks leave to proceed IFP is released from

prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted. *See, e.g., DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997) (same); *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The court will not rely upon any prior IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Therefore, Plaintiff's motion for leave to proceed IFP is TERMINATED as moot.

On September 10, 2014, the court ordered Plaintiff to submit a non-prisoner IFP application by September 24, 2014. [Docket No. 3.] Plaintiff did not submit a non-prisoner IFP application; instead, on October 8, 2014, he filed a letter regarding lottery tickets. [Docket No. 4.] In addition, Plaintiff stated that he will be incarcerated on an unspecified date for one year. As it does not appear that Plaintiff is incarcerated yet, he shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the court grants Plaintiff leave to proceed IFP, the court will proceed to review the complaint under § 1915(e)(2).[1] If the court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed. The court is unable to take any action regarding Plaintiff's lottery tickets.

Accordingly, Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP. Plaintiff shall **answer all questions** and shall include Plaintiff's name and case number C 14-3838 DMR on the attached application. **Plaintiff shall file his completed application within fourteen (14) days of the date of this Order.**

---

[1] Under this section, the court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

2

The Clerk of the Court shall send Plaintiff a blank non-prisoner IFP application form along with a copy of this Order.

The Court reminds Plaintiff it is his responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**Failure to file a completed non-prisoner IFP application form as ordered herein by the fourteen-day deadline shall result in the dismissal of this action without prejudice**.

IT IS SO ORDERED.

Dated: October 15, 2014



_____
DONNA M. RYU
United States Magistrate Judge

3