United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS, | No. C-14-03838 DMR |
| Plaintiff(s), | **ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |
| v. | |
| CHARLES EDWARD BROOKS, | |
| Defendant(s). | |

On August 25, 2014, *pro se* Plaintiff Charles A. Brooks filed a complaint against Charles Edward Brooks, along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] However, he submitted a Prisoner's IFP application, even though he was not incarcerated. On September 10, 2014, the court ordered Plaintiff to submit a non-prisoner IFP application by September 24, 2014. [Docket No. 3.] Plaintiff did not submit a non-prisoner IFP application; instead, he filed a letter regarding lottery tickets. [Docket No. 4.] On October 15, 2014, the court terminated Plaintiff's motion for leave to proceed IFP as moot and again ordered Plaintiff to submit a non-prisoner IFP application by October 29, 2014. [Docket No. 5.] The court warned Plaintiff that failure to file a completed non-prisoner IFP application by the deadline would result in the dismissal of this action.

Plaintiff did not submit a non-prisoner IFP application. Instead, he filed a letter in which he appears to seek the court's assistance in obtaining lottery tickets he mailed to an address in

1  Washington, D.C. [Docket No. 6.] The matters described in his letter appear to have nothing to do
2  with the claims raised in his complaint. Further, there is no legal authority supporting his request.
3  Therefore, the court is unable to take any action in response. Given Plaintiff's failure to file a
4  completed non-prisoner IFP application as ordered, this matter is hereby dismissed without prejudice
5  for failure to prosecute.[1]

7      IT IS SO ORDERED.

9  Dated: November 4, 2014



DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).